

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7302 | **DATE** | 2/14/2003 |
| **CASE TITLE** | Gerlene Griffith vs. Jo Ann B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's motion for attorney's fees (Doc. No. 24-1) under the EAJA is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 18 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/14/2003 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

GERLENE GRIFFITH,  )
                    Plaintiff,  )
v.  )   No. 00 cv 7302
JO ANN B. BARNHART,  )   Judge Rebecca R. Pallmeyer
Commissioner of Social Security,  )
                    Defendant.  )

DOCKETED
FEB    2003

DOCKETED
FEB 1 8 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gerlene Griffith, prevailed in this action for review of the denial of her application for Disability Insurance Benefits and Supplementary Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§416(i), 423, 1381a. She now seeks an award of attorneys' fees, arguing that the government's position in this case was not substantially justified. For the reasons stated herein, Plaintiff's motion for attorney's fees is denied.

## PROCEDURAL BACKGROUND

Plaintiff claims she is disabled by a lesion on her hip attributed to lupus. The Commissioner of the Social Security Administration ("the Commissioner") denied her claim for benefits, but she sought review by this court pursuant to 42 U.S.C. § 405(g). On review, this court concluded the record supported the ALJ's conclusions on steps one through three of the analysis. *Griffin v. Barnhart*, No. 00 C 7302, 2002 WL 181959, *10 (N.D.Ill. Feb. 6, 2002). At steps four and five, however, the district court found potential errors in the disability determination and remanded for further proceedings. Specifically, the court noted that in questioning the vocational expert ("VE"), the ALJ failed to mention Plaintiff's difficulties in concentration. The court concluded this omission could have affected the VE's testimony in spite of the fact that the VE had heard Plaintiff's testimony and reviewed medical records. *Id.* at 13, 14. The court further noted a potential ambiguity in the testimony of Dr. B. Drevlow, who had examined Plaintiff to help determine her

ability to work. Under one interpretation of Dr. Drevlow's statements, Plaintiff could not sit or stand for six consecutive hours within an eight-hour period. *Id.* at 7. Another interpretation of Dr. Drevlow's statements, however, would mean that Plaintiff could not regularly sit or stand for a total of six hours during an eight hour period, even if she were able to alternate between sitting for forty-five minutes and standing for five minutes. *Id.* at 14. Because of this ambiguity and the arguably incomplete hypothetical, the district court remanded the case to the ALJ for further findings. *Id.* Plaintiff now seeks attorney's fees under 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that:

> [e]xcept as otherwise specifically provide by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified."

28 U.S.C. § 2412 (d)(1)(A) (2000).

The Government has the burden of proving that its position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 277 (7th Cir. 1996). This determination is based upon the entirety of the proceedings, *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991), and requires a showing that the Government's position was justified from a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A position can be justified even if it is not correct, so long as a reasonable person could think it correct. *Id.* at 566 n.2. *See also Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (substantially justified standard is satisfied if reasonable people could differ as to the appropriateness of the contested action).

Plaintiff argues that the government's position was not substantially justified here because the ALJ's reliance on the VE's testimony was unreasonable as a matter of law. (Plaintiff's Reply to Defendant's Response to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Plaintiff's Reply") at 3.) Second, Plaintiff asserts that because the government's

2

response to her motion for fees did not address the second reason for the district court's remand order (ambiguity in Dr. Drevlow's testimony), the court should find the government's position was not substantially justified. (Plaintiff's Reply at 5.) These reasons are addressed below.

1. **Incomplete Hypothetical**

In the Administrative Proceedings, the VE was asked a hypothetical question that described a person who "by reason of a depressive condition does not have the capacity to understand, recall, carry out complex or detailed tasks, but does retain the capacity to understand, recall, and carry out simple tasks and simple instructions on a sustained basis." *Griffith*, 2002 WL 181959, at *13. As the court concluded in its earlier decision, this question was arguably incomplete because it did not specifically mention Plaintiff's concentration difficulties. Plaintiff now asserts that the ALJ relied "totally" upon the testimony of the VE response to the hypothetical question in determining her ability to work. (Plaintiff's Reply at 2.) In the court's view, the record does not support this assertion. Further, this court determined that the ALJ's omission might have been significant, but that determination alone does not require the conclusion that the government's position was not substantially justified. *See Jackson*, 94 F.3d at 279 (even where the government is ultimately in error on an issue, its position may be substantially justified).

In this case, Plaintiff's own attorney did not pose any additional hypotheticals at the administrative hearing to address the omitted impairment. *Griffith*, 2002 WL 181959 at *14. The court did note that the VE had reviewed the record before the hearing and heard the Plaintiff's own testimony. *Id.* The court concludes that the government's position was justified where the government could reasonably have believed that the VE had used all information available to assess the Plaintiff's ability to work.

2. **Ambiguity in Dr. Drevlow's Testimony**

Plaintiff's second argument that the government's position was not justified appears only

in her reply brief. (Plaintiff's Reply at 5-6.)[1] Specifically, Dr. Drevlow stated that Plaintiff "could neither continuously stand for at least six of eight hours nor continuously sit upright for at least six of eight hours." *Griffith*, 2002 WL 181959, at *14. The district court stated that there were two possible interpretations of this information. *Id.* One of these interpretations (whether Plaintiff could sit or stand for six *consecutive* hours) would have been fully consistent with the ALJ's decision. *Id.* The other interpretation, however, that Plaintiff could not regularly sit or stand for a *total* of six out of a given eight hours, might have had a bearing on the number of jobs available for a person of Plaintiff's abilities. At the hearing, the VE noted that the summary provided Dr. Drevlow was confusing, *id.* at *7, and the ALJ told Plaintiff's attorney "that [i]f you want [Dr. Drevlow] to clarify, we can do that, too, because we'll be looking for some records." *Id.* at *14. There is no indication here that Plaintiff took the ALJ upon on this offer. In this court's view, these circumstances do not require the conclusion that the government's position was not substantially justified. There were two plausible readings of the statements of Dr. Drevlow's findings. The government could reasonably have understood Dr. Drevlow's testimony as supporting the ALJ's conclusion.

Plaintiff relies upon several cases to support her contention that attorney's fees should be awarded, but the court finds these cases distinguishable. In *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994), the Seventh Circuit affirmed denial of attorney's fees where the ALJ had relied on a Ninth Circuit decision in denying plaintiff's claim for disability benefits. Reliance upon the decision of the Ninth Circuit supplied a "rational ground for [the government's] thinking it had a rational ground for its action." *Id.*

---

[1] Apart from a brief reference in a footnote, the government itself did not address this issue in its response to Plaintiff's motion for fees; the court accepts its explanation that Plaintiff's own failure, in her brief on appeal, to raise any concern about Dr. Drevlow's testimony precludes any argument that the government was not substantially justified in relying on that testimony. In any event, as explained here, the court concludes the government was substantially justified in accepting Dr. Drevlow's (unchallenged) testimony.

4

In *Jackson,* the Seventh Circuit found that there was ample evidence in the record to support the ALJ's findings, despite a discrepancy in the testimony of the vocational expert and the employment statistics quarterly that resulted in a remand. 94 F.3d at 279. An inconsistency is not enough to render government litigation unjustified, the court observed, and the government is entitled to choose between two permissible views of available evidence, even where that evidence conflicts. *Id.* at 280. In this case, similarly, although this court was concerned that the incompleteness of the hypothetical question might have affected the VE's determination of Plaintiff's job eligibility, the government could reasonably have concluded it was not significant when the VE had heard Plaintiff's testimony and reviewed all of the medical records. Further, because there were two plausible readings of Dr. Drevlow's testimony, one of which would have made no difference in the ALJ's determination, and Plaintiff herself made no effort to correct the ambiguity, the government's reliance upon one interpretation of Dr. Drevlow's testimony does not make its overall litigation posture unjustified and unreasonable.

In *Rice v. Apfel,* 16 F.Supp.2d 971 (N.D. Ill. 1998), another case Plaintiff cites, the court awarded fees to plaintiff where the ALJ failed to comply with a specific regulation requiring the use of a medical advisor. *Id.* at 974. Here, there is no suggestion that the ALJ's conduct violated any specific regulation. In *Prak v. Chater,* 908 F.Supp. 555, 556 (N.D. Ill. 1995), the court awarded fees where the ALJ erroneously concluded that plaintiff had never been diagnosed with post-traumatic stress disorder, when in fact precisely such a diagnosis appeared in the record. Finally, Plaintiff relies on *Randolph v. Sullivan,* 738 F.Supp. 305 (N.D. Ill. 1990). In awarding fees in that case, the district court observed that ALJ "failed to perform a certain analysis required by the law and by the regulations." *Id.* at 306. The ALJ did perform the required analysis in this case, though the court determined some of the information presented was incomplete or ambiguous.

As the *Randolph* court noted, "[t]he mere fact that benefits were awarded on remand does not necessarily mean, as Plaintiff asserts, that the Secretary's position was not substantially

5

justified." *Id.* at 306. Further, even where the court finds the government wrong with respect to one aspect of its position, its overall litigation posture may well be substantially justified. *Pierce*, 487 U.S. at 569. To make the determination, the court must examine the totality of the government's conduct. *Cummings v. Sullivan*, 950 F. 2d 492, 496 (7th Cir. 1991). Considering the totality of circumstances here, the court concludes that the government's willingness to defend a determination made on the basis of an arguably incomplete hypothetical and arguably ambiguous testimony does not render its overall litigation posture unreasonable.

Finally, the court notes Plaintiff's observation that if the ALJ had stopped at step four of the disability analysis, Plaintiff would have won her claim for disability. (Plaintiff's Reply, at 3.) The court is not persuaded. The disability determination is a two-tiered process. If the claimant does not prevail at steps one through three, then the ALJ must do an analysis under steps four and five, first assessing whether the claimant is unable to perform previous work and then, if the answer is no, determining at step five whether there is any work that she can do meaningfully in the economy. For the ALJ to stop at step four of the analysis would be a misapplication of the disability analysis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. No. 24-1) under the EAJA is denied.

ENTER:

Dated: February 14, 2003

REBECCA R. PALLMEYER
United States District Judge

6